## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MATTHEW HENNIE, on behalf of          :
himself and others similarly situated,    :    Civil Action File No.
                                        :    1:18-cv-02045-WMR
      Plaintiff,                         :
                                        :
v.                                       :
                                        :
ICOT HEARING SYSTEMS, LLC          :
D/B/A LISTENCLEAR and ICOT           :
HOLDINGS, LLC                          :
                                        :
      Defendants.                        :
_____/

## PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT AND INCORPORATED
## <u>MEMORANDUM IN SUPPORT</u>

## I.    INTRODUCTION

Plaintiff, Matthew Hennie ("Plaintiff"), individually and on behalf of the class of persons he represents (the "Settlement Class" defined below) and Listen Clear, LLC" ("Defendant") (Plaintiff and Defendant are collectively referred to as the "Parties"), have reached a class action settlement of this matter.[1] The Settlement includes the establishment of a $1,200,000 Settlement Fund to be distributed *pro rata* to the members of the class.  The class is limited to the owners or users of 332,588 unique phone numbers.  ("Settlement Class Members").  Those unique number are contained on a list produced by Listen Clear that will be used to ensure that only the owners or users of those numbers can file valid claims. ("Class List").  Settlement Class Members who file a valid claim after payment of notice and administration costs (if approved), Plaintiff's Counsel fees and costs (if approved), and an incentive award to the Plaintiff (if approved).[2] There is no reverter in the Settlement Fund. Notice will be effectuated through postcards mailed directly to Settlement Class Members identified in Defendant's records and

---

[1] Defendant does not oppose this Motion insofar as it supports the proposed settlement. Defendants do not concede or admit Plaintiff's assertions.

[2] All capitalized terms not defined herein have the meanings set forth in the Parties' Class Action Settlement Agreement ("Settlement" or "Agreement"), attached as <u>Exhibit 1</u>.

a website containing the Class Notice (and through which Claim Forms may be directly submitted).

The Settlement was reached by counsel with a keen understanding of the merits of the claim and extensive experience in actions brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The parties negotiated the Settlement with the assistance of a highly skilled and experienced mediator, which included the exchange of detailed mediation statements. The relief provided meets the applicable standards of fairness when taking into consideration the nature of Plaintiff's claims and the risks inherent in class litigation. Accordingly, Plaintiff respectfully requests that the Court: (1) grant preliminary approval of the Settlement; (2) provisionally certify the proposed Settlement Class; (3) appoint Plaintiff's attorneys as Plaintiff's Counsel; (4) appoint Plaintiff as representative of the Settlement Class; (5) approve the proposed Notice Plan, Notice, and Claim Form; and (6) schedule the Final Approval Hearing and related dates as proposed.

## II.    THE PROPOSED SETTLEMENT

### A.    THE SETTLEMENT CLASS

The proposed Settlement would establish a Settlement Class for settlement purposes only, defined as:

> Plaintiff and all called persons who were transferred to ICOT Hearing Systems, LLC d/b/a ListenClear after receiving a telemarketing call from Prospects DM at any time between August 1, 2016 and December 31, 2018.

(Agreement ¶2)

### B.    SETTLEMENT RELIEF

### 1.    Class Member Relief: Settlement Fund

The proposed Settlement establishes a non-reversionary $1,200,000 Settlement Fund, which will exclusively be used to pay: (1) cash settlement awards to Settlement Class Members; (2) Settlement Administration Expenses; (3) court-approved attorney's fees of up to one-third of the total amount of the Settlement Fund; (4) Plaintiff's out of pocket expenses; and (4) a court-approved incentive award to the Class Representative of up to $5,000.

Each Settlement Class Member who submits a valid claim shall be entitled to receive an equal *pro rata* amount of the Settlement Fund after all Settlement Administrative Expenses, Incentive Awards, and Fee awards are paid out of the Settlement Fund. (Agreement ¶3.  The Settlement provides for a potential second distribution for any funds remaining due to uncashed settlement distribution checks to those Settlement Class Members that cashed their first distribution checks, to the extent administratively feasible. (Agreement. ¶3(f)).

### 2.    Class Representative Incentive Award

If approved by the Court, the Plaintiff will receive an incentive award of $5,000 from the Settlement Fund. (Agreement ¶14(c). This award will compensate Plaintiff for his time and effort and for the risk she undertook in prosecuting this case.

### 3.    Attorneys' Fees and Costs

If the settlement receives preliminary approval, Plaintiff's Counsel will apply to the Court for an award of attorneys' fees in the amount of up to one-third of the total amount of the Settlement Fund in addition to out of pocket expenses. (Agreement ¶14.) As Plaintiff's Counsel will address in their fee application, an award of attorneys' fees and costs will compensate Plaintiff's Counsel for the work already performed in relation to the settled claims, as well as the remaining work to be performed in documenting the Settlement, securing Court approval of the Settlement, making sure the Settlement is fairly implemented, and obtaining dismissal of the action. Plaintiff's proposed attorney fee award (and costs) is plainly disclosed to the Settlement Class in the proposed notice, and wholly consistent with other cases.

### 4.    Remaining Funds

Any amount remaining in the Settlement Fund after paying all approved Claim Forms, Settlement Administration Expenses, and any Fee Award and Incentive Award will be distributed to the National Consumer Law Center as a cy pres recipient. *See* www.nclc.org.

### A.    NOTICE AND SETTLEMENT ADMINISTRATION

All Settlement Administration Expenses will be exclusively paid from the Settlement Fund. The Parties have agreed upon, and propose that the Court approve, the nationally-recognized class action administration firm Kurtzman Carson Consultants ("KCC") to be the Settlement Administrator (Agr. ¶6), to implement the Class Notice, and to administer the Settlement, subject to review by counsel and the Court. The Settlement Administrator's duties will include: (1) confirming the identity of Class Members and sending the Class Notice pursuant to the Settlement Agreement; (2) responding to inquiries regarding the settlement process from persons in the Settlement Class; (3) processing and evaluating claim forms, requests for exclusion, and objections; and (4) issuing settlement proceeds.

The Settlement Administrator will send Postcard Notice via the U.S. Postal Service—substantially in the form attached as Exhibit 3 to the Settlement Agreement—to the names and addresses of Settlement Class Members identified

as being the owners or users of the phone numbers contained on the "Class List".

(Agreement ¶2 and 9). The Settlement Administrator will administer a Settlement

Website, through which Settlement Class Members will be able to submit claim

forms and obtain further details and information about the Settlement. (Agreement

¶5(b)(ii).

###    B.    Opt-Out and Objection Procedures

Persons in the Settlement Class will have the opportunity to exclude

themselves from the Settlement or object to its approval. (Agreement ¶10). The

procedures and deadlines for filing requests for exclusion and objections will be

conspicuously listed in the Class Notice and on the Settlement Website. (*See*

Exhibit 1, Agreement at Ex. 1-3.) The Class Notice informs Settlement Class

Members that they will have an opportunity to appear and have their objections

heard by this Court at a Final Approval Hearing. (*Id.*) The Notice also informs

Settlement Class Members that they will be bound by the release contained in the

Settlement unless they timely exercise their opt-out right. (*Id.*)

###    C.    Release

The release is appropriately tailored to this case involving alleged violations

similar to those alleged and is limited to those Settlement Class Members

identified in the Class List generated from Defendant's records. In exchange for

settlement benefits, the Settlement Class Members who do not timely opt out of the Settlement will release Defendant from any and all claims against the Released Parties, arising out of Defendant' telemarketing calls. (Agreement. ¶4).

## III.    THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL

The settlement represents a fair and reasonable resolution of this dispute and is worthy of notice to, and consideration by, the Settlement Class Members. It will provide financial relief to participating Settlement Class Members and will relieve the parties of the burden, uncertainty and risk of continued litigation.  Under Rule 23(e)(1)(C), a court may approve a class action settlement if it is "fair, adequate, and reasonable, and not a product of collusion." There is usually an initial presumption of fairness when a proposed class settlement "is the product of arm's length negotiations, sufficient discovery has been taken to allow the parties and the court to act intelligently, and counsel involved are competent and experienced." H. Newberg & A. Conte, *Newberg on Class Actions* §11.41 (4th ed. 2002).

### A.    The Court Should Certify the Class for Settlement Purposes.

For settlement purposes only, the parties have agreed that the Court may make preliminary findings and enter an order granting provisional certification of the Settlement Class and appoint Plaintiff and his counsel to represent the Class. "The validity of use of a temporary settlement class is not usually questioned."

8

Newberg, *supra*, § 11:22. The Manual for Complex Litigation, § 21.612, explains

the benefits of settlement classes:

> Settlement classes—cases certified as class actions solely for settlement—can provide significant benefits to class members and enable the defendants to achieve final resolution of multiple suits. (citation omitted). Settlement classes also permit defendants to settle while preserving the right to contest the propriety and scope of the class allegations if the settlement is not approved and, in Rule 23(b)(3) actions, to withdraw from the settlement if too many class members opt out. An early settlement produces certainty for the plaintiffs and defendants and greatly reduces litigation expenses.

For settlement purposes only, the Settlement Class is submitted for certification

under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure. The Class is

defined in the Settlement Agreement and also appears above. As detailed below,

the Settlement Class meets all of the applicable certification requirements.

Plaintiff seeks certification under Rule 23(b)(3) of the Federal Rules of Civil

Procedure. Class certification is appropriate when the proponent of certification

demonstrates that each of the requirements of Rule 23(a) and at least one of the

subsections under Rule 23(b) has been satisfied. Fed. R. Civ. P. 23; *Klay v.

Humana, Inc.*, 382 F.3d 1241, 1250 (11th Cir. 2004). Rule 23(a) requires that (i)

the proposed class is so numerous that joinder of all individual class members is

impracticable (numerosity); (ii) that there are common questions of law or fact

amongst class members (commonality); (iii) that the proposed representative's

claims are typical of those of the class (typicality); and (iv) that both the named-representative and its counsel have and will continue to adequately represent the interests of the class (adequacy). Fed. R. Civ. P. 23(a); *Babineau v. Fed. Exp. Corp.*, 576 F.3d 1183, 1189-90 (11th Cir. 2009). In this case, the evidence already gathered is more than sufficient to support class certification.

### 1. The Rule 23(a) Factors Are Met.

#### a) Numerosity is easily satisfied here and joinder is impracticable.

The first requirement of Rule 23(a) is met when "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1); *see also Vega T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009) (*quoting Klay v. Humana, Inc.*, 382 F.3d 1241, 1250 (11th Cir.2004)). Generally, the numerosity requirement is not met with numbers fewer than 21, but is satisfied when the class comprises 40 or more members. *See Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986). In this case, Plaintiff has been able to identify 332,588 telephone numbers that received allegedly violative calls. The numerosity requirement is easily satisfied.

#### b) Common issues of law and fact apply equally to all class members.

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." To meet the commonality requirement, the plaintiff must demonstrate that the proposed class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). In other words, commonality requires that the claims of the class "depend upon a common contention…of such a nature that it is capable of class wide resolution -- which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Commonality may be shown when the claims of all class members "depend upon a common contention" and "even a single common question will do." *Dukes*, 131 S. Ct. at 2545, 2556.

Plaintiff has litigated this case so that the most important questions at issue are common to Plaintiff and all Settlement Class Members, and so that those questions may be decided in broad strokes that apply to all Settlement Class Members. All Settlement Class Members received identical calls under identical circumstances all relating to the sale of Listen Clear goods or services. As such, this case presents many common questions applicable to the Settlement Class, including:

- Is Listen Clear liable under the TCPA for illegal

telemarketing calls transmitted by the telemarketers it hired?

- Did the calls made by Listen Clear's agents use an "automatic telephone dialing system or an artificial or prerecorded voice" as defined by Section 227(b)(1)(A) of the TCPA?

- Could Listen Clear demonstrate that the calls were made with the prior express consent of the called party?

- Are class members entitled to statutory damages under the TCPA?

As the Settlement Class Members here have all suffered the same injury and are generally subject to the same defenses, commonality is satisfied.

### c) The Plaintiffs' claims are typical of the Settlement Class.

To satisfy Rule 23(a)(3)'s typicality requirement, a plaintiff must possess the same interest and have suffered the same injury as the other class members. *See Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001). Typicality can be satisfied even if substantial factual differences exist between the plaintiff and the other class members if there is a "strong similarity of legal theories." *Id*. Typicality will be satisfied if "the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir. 1984). Commonality and typicality overlap, and a finding of one usually results in a finding of the other. *Id*.

Here not only is there "strong similarity of legal theories" the Plaintiff's claim is identical to the claims of the other class members in all material ways. First, Plaintiff and the other putative class members received automated telephone calls. Second, both Plaintiff and the putative class seek to hold Listen Clear liable for illegal telemarketing calls made by a third party retained by Listen Clear. As a result, each of the Plaintiff's rights under the TCPA were affected by the same common course of conduct that Listen Clear subjected every other putative class member to, and Plaintiff, like all of the other class members, suffered the exact same injury. Nothing more is required, and typicality is satisfied.

### d)    Plaintiff and his counsel are adequate representatives.

Finally, Rule 23(a) requires that the representative parties have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To meet this requirement, the proposed class representative must not have any interests antagonistic to those of the other members of the class, and he or she must be represented by competent counsel. *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726-28 (11th Cir. 1987). Plaintiff has no conflicting interests with class members. In fact, by investigating, filing, and vigorously pursuing this case, the Plaintiff has demonstrated a desire and ability to protect class members' interests. Plaintiff has elected not to pursue solely his individual claims in this

matter, but instead is prosecuting the case on behalf of a class of persons who, like him, have been subjected to unlawful telemarketing.  Plaintiff's counsel has regularly engaged in major TCPA class action litigation. (Affidavits of Plaintiffs' Counsel are attached as Exhibits 2-5.)  Plaintiff's counsel have been appointed as class counsel in numerous TCPA class actions, including in federal courts in Georgia. *See e.g. Mey v. Interstate National Dealer Services, Inc., et. al.*, Civil Action No. 14-cv-01846 (N.D. Ga. Jan. 28, 2016) (Ross, J.) Dkt. No. 163; *Heidarpour v. Central Payment Co., LLC*, Civil Action No. 4:15-cv-139 (CDL) Dkt. No. 63 (M.D. Ga. Jan 17, 2017) (Land, C.J.).  "The fact that attorneys have been found adequate in other cases is persuasive evidence that they will be adequate again." *Whitten v. ARS Nat. Services, Inc.*, No. 00-6080, 2001 WL 1143238, at *4 (N.D. Ill. Sept. 27, 2001) (internal quotations omitted). Accordingly, Plaintiff and his counsel will adequately represent the Settlement Class. The requirements of Rule 23(a) are, therefore, satisfied.

### e)      The Rule 23(b)(3) factors are met.

A class action may be maintained under Rule 23(b)(3) if all Rule 23(a) requirements are met and "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly

and efficiently adjudicating the controversy." Pertinent matters include: (1) the

class members' interests in individually controlling the prosecution or defense of

separate actions, (2) the desirability or undesirability of concentrating the litigation

of the claims in the particular forum, and (3) the likely difficulties in managing a

class action. Fed. R. Civ. P. 23(b)(3). *See Amchem Prods., Inc. v. Windsor*, 521

U.S. 591, 615-616 (1997) (addressing predominance and superiority requirements).

The predominance inquiry "tests whether proposed classes are sufficiently

cohesive to warrant adjudication by representation." *Id.* at 623.

      As an initial matter, the difficulties of managing a class action are vitiated by

this settlement. When "confronted with a request for settlement only class

certification, a district court need not inquire whether the case, if tried, would

present intractable management problems . . . for the proposal is that there be no

trial." *Amchem*, 521 U.S. at 620. A class action is the superior method of resolving

large scale claims if it will "achieve economies of time, effort, and expense, and

promote . . . uniformity of decision as to persons similarly situated, without

sacrificing procedural fairness or bringing about other undesirable results." *Id.* at

615.

      In this case the aggregate claims of the class are comprised of calculable

statutory damages in amounts that make it uneconomic for individuals to pursue

these claims on their own. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809

(1985). Many decisions recognize the benefits of class certification in cases

involving small individual recoveries, in the context of consumer cases generally,[3]

and TCPA cases in particular.[4] The overriding justification for certification of these

claims is compelling, and applies here:

> Jurists and commentators have long debated the merits of the modern
> class action and the public policies behind Rule 23…It is the view of
> this Court that the instant case highlights one of the strongest
> justifications for the class action device: its regulatory function…A
> statute such as the TCPA, which provides for a relatively small
> recovery for individual violations but is designed to deter conduct
> directed against a large number of individuals, can be effectively
> enforced only if consumers have available a mechanism that makes it
> economically feasible to bring their claims. Without the prospect of a
> class action suit, corporations balancing the costs and benefits of
> violating the TCPA are unlikely to be deterred because individual

[3] *See, e.g., Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 567 (6th Cir. 2007) ("Such a small possible recovery [of approximately $125] would not encourage individuals to bring suit, thereby making a class action a superior mechanism for adjudicating this dispute."), *cert denied,* 129 S. Ct. 608 (2008); *Drossin v. National Action Fin. Servs., Inc*., 255 F.R.D. 608, 617 (S.D. Fla. 2009).

[4] Many federal courts have certified TCPA actions. *See e.g., Agne v. Papa John's Int'l, Inc.*, No. C10-1139-JCC, 2012 WL 5473719 (W.D. Wash. Nov. 9, 2012); *Van Sweden Jewelers, Inc. v. 101 VT, Inc*., No. 1:10-cv-253, 2012 WL 4127824 (W.D. Mich. Sept. 19, 2012); *Sparkle Hill, Inc. v. Birch Mat Corp.*, No. 11-10271, 2012 WL 6589258 (D. Mass. Dec. 18, 2012); *Am. Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, 2012 WL 3027953 (W.D. Mich. July 24, 2012); *Reliable Money Order, Inc. v. McKnight Sales Co., Inc*., 281 F.R.D. 327 (E.D. Wis. 2012); *Silbaugh v. Viking Magazine Servs*., 278 F.R.D. 389 (N.D. Ohio 2012); *Siding & Insulation Co. v. Combined Ins. Group, Ltd.*, No. 1:11 CV 1062, 2012 WL 1425093 (N.D. Ohio Apr. 23, 2012). For all these reasons, the class action device is the superior means of resolving this case.

claims will not impose the level of liability that would outweigh the potential benefits of violating the statute.

*Bee, Denning, Inc. v. Capital Alliance Group*, 2015 U.S. Dist. LEXIS 129495, 37-

38 (S.D. Cal. Sept. 24, 2015); *Knutson v. Schwan's Home Service, Inc.*, 2013 WL

### D.    The Proposed Settlement Is Fundamentally Fair, Reasonable, and Adequate, and Thus Warrants Preliminary Approval.

After determining that a proposed settlement class is appropriate for

certification, courts consider whether the proposed settlement itself warrants

preliminary approval. The procedure for review of a proposed class action

settlement is a well-established two-step process. Alba & Conte, 4 Newberg on

Class Actions, § 11.25, at 38–39 (4th ed. 2002). The first step is a preliminary, pre-

notification hearing to determine whether the proposed settlement is "within the

range of possible approval." *Id.* (quoting Manual for Complex Litig., § 30.41 (3d

ed. 1995)).

Moreover, settlement negotiations that involve arm's-length, informed

bargaining with the aid of experienced counsel support a preliminary finding of

fairness. *See* Manual For Complex Litig. at § 30.42. Further, there is a strong

judicial and public policy favoring the voluntary conciliation and settlement of

complex class action litigation. *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493

(11th Cir. 1992) ("Public policy strongly favors the pretrial settlement of class

action lawsuits"); *Warren v. City of Tampa*, 693 F. Supp. 1051, 154 (M.D. Fla. 1998), *aff'd*, 893 F. 2d 347 (11th Cir. 1998). This is because class action settlements ensure class members a benefit as opposed to the "mere possibility of recovery at some indefinite time in the future." *In re Domestic Air Transport.*, 148 F.R.D. 297, 306 (N.D. Ga. 1993).

Thus, while district courts have discretion in deciding whether to approve a proposed settlement, deference should be given to the consensual decision of the parties. *Warren*, 693 F. Supp. at 1054 (affording "great weight to the recommendations of counsel for both parties, given their considerable experience in this type of litigation"). Here, there should be no question that the proposed Settlement is "within the range of possible approval." Moreover, the Parties agreed on the terms of the settlement through experienced counsel who, given the stage of the litigation, possessed all the information necessary to evaluate the case and reach a fair and reasonable compromise. That information shed further light on the contours of the proposed Class and Defendants' conduct, and ultimately informed the terms of the Settlement now before the Court.

The relief afforded to the Settlement Class further demonstrates the fairness, reasonableness and adequacy of the Settlement. By submitting a short and simple claim form, Settlement Class Members are entitled to a *pro rata* per claimant

payment out of the $1,200,000 common fund. Given the relief offered under the Settlement, coupled with the robust notice plan (*i.e.*, direct notice via First Class U.S. Mail and the creation of a Settlement Website), Counsel believe that the results achieved are well within the range of possible approval.

For all of these reasons, Plaintiff and proposed Class Counsel firmly believe that the monetary and prospective relief provided by the Settlement weighs heavily in favor of a finding that it is fair, reasonable, and adequate, and well within the range of approval. Accordingly, the Court should grant preliminary approval.

### E.    The Notice Should Be Approved in Form and Substance.

To satisfy the requirements of both Rule 23 and Due Process, Rule 23(c)(2)(B) provides that "for any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Rule 23(e)(1) similarly requires that the notice be reasonably disseminated to those who would be bound by the court's judgment. Notice is proper as long as the average class member would be able to understand it, *Newberg* § 11:53 at 167, and the substance of the notice describes the nature of the action, the definition of the class to be certified, and the class

claims and defenses at issue. *See* Fed. R. Civ. P. 23(c)(2)(B). Further, notice must also explain that settlement class members may enter an appearance through counsel or request to be excluded from the settlement class so as not to be bound by any judgment. *Id.*

The Parties have agreed upon a multi-part notice plan that easily satisfies the notice requirements of both Rule 23 and Due Process. The Defendant has produced a list of phone numbers it used to call Class Members. The Settlement Administrator will then use reputable third party data sources to identify the owners or users of those numbers. The Settlement Administrator will then send direct notice, with an accompanying Claim Form, to each address that can be obtained using the phone numbers in the call. The notice itself will include instructions for a claim form that can be filed online, or through first class mail, and also include a link to the Settlement Website, which serves as the "long-form" notice, provides access to relevant court documents, and allows Settlement Class Members. Finally, the Settlement Administrator will cause notice of the proposed Settlement to be served, pursuant to 28 U.S.C. § 1715, within ten (10) days after it is filed with the Court, to the Attorneys General of each U.S. State in which Settlement Class Members reside, the Attorney General of the United States, and other required government officials. In sum, the proposed methods for providing

notice to the Settlement Class fully comport with both Rule 23 and Due Process and should be approved by the Court.

## IV.    CONCLUSION

The proposed Class meets the requirements of Rules 23(a), (b)(3), and (g). The Plaintiff requests that the Court certify the Class, appoint the Plaintiff as the class representative, and appoint the Plaintiff's attorneys as class counsel. A draft Order on Preliminary Approval is attached at <u>Exhibit 6.</u>

Respectfully submitted for Plaintiff,

Dated: June 4, 2019          By:   */s/ Steven H. Koval*

Steven H. Koval
Attorney for Plaintiff
Georgia Bar No. 428905
THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 120
Atlanta, GA  30305
Telephone:  (404) 513-6651
Steve@KovalFirm.com

Matthew P. McCue
Email:  mmccue@massattorneys.net
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts  01760
Telephone:  (508) 655-1415

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Edward A. Broderick
Email:  ted@broderick-law.com
BRODERICK LAW, P.C.
99 High St., Suite 304
Boston, Massachusetts  02110
Telephone:  (617) 738-7080

## CERTIFICATE OF RULE 7.1 COMPLIANCE

I hereby certify that on June 4, 2019, pursuant to L.R. 7.1D of the Northern

District of Georgia, that this document was prepared in Times New Roman font, 14

point, pursuant to L.R. 5.1(C).

*/s/ Steven H. Koval*
Steven H. Koval

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2019, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system which will automatically send

notification of such filing to all attorneys of record.

*/s/ Steven H. Koval*
Steven H. Koval