**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **MATTHEW HENNIE, on behalf of himself and others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) | **Case No. 1:18-CV-02045-WMR** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ICOT HEARING SYSTEMS, LLC, D/B/A LISTENCLEAR andICOT HOLDINGS, LLC, et al.** | ) ) ) ) | |
| | ) | |
| **Defendants,** | ) | |
| | ) | |
| | ) | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into as of this 30th day of May 2019, by and between Plaintiff, Matthew Hennie ("Plaintiff"), and Defendants ICOT Hearing Systems, LLC and ICOT Holdings, LLC (collectively, "ICOT") (the Plaintiff and ICOT collectively referred to herein as the "Parties").

WHEREAS, on May 9, 2018, Matthew Hennie filed a putative class action complaint in the United Stated District Court for the Northern District of Georgia against ICOT alleging claims for violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), which was assigned Case No. 1:18-cv-02045 (the "Litigation"); and

WHEREAS, the Parties had a fair opportunity to conduct discovery related to the underlying facts of the Litigation; and

WHEREAS, ICOT denies the Named Plaintiff's allegations of unlawful or wrongful conduct and does not admit any liability associated with the Litigation; ICOT has asserted various

1

defenses and further denies that Named Plaintiff or any putative class member suffered any injury or damage as a result of the conduct complained of herein; and

WHEREAS, the Parties have concluded, after carefully considering the applicable legal principles and all of the circumstances of this Litigation, that it would be in the best interests of the Parties and the Class (as defined below) to enter into this Agreement in order to avoid the risks and uncertainties of, and delays associated with, the continuation of the Litigation; and

WHEREAS, the Plaintiff and Plaintiff's counsel, on behalf of the Class, have agreed to have judgment entered pursuant to this Agreement without trial or adjudication of any issue of fact or law; and

WHEREAS, ICOT has concluded, despite its denial of liability for the claims asserted in the Litigation and that it has good defenses thereto, that it is in ICOT's best interests to enter into this Agreement to avoid further expense and burden, along with the distraction and uncertainty of continued Litigation; and

WHEREAS, this Agreement embodies all terms and conditions of the settlement (the "Settlement") between the Plaintiff, both individually and on behalf of the Class, and ICOT, subject to final approval of the Court; and

WHEREAS, the Plaintiff and ICOT agree that this Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability, wrongdoing or injury by ICOT;

WHEREAS, the Plaintiff and ICOT rely on the following exhibits attached to this agreement: Exhibit 1 – the Preliminary Approval Order Exhibit 2 – the Long Form Notice, Exhibit 3, the Post Card Notice, Exhibit 4, the Claim Form and Exhibit 5, the Final Approval

Order. <u>Exhibit 2</u> – the Long Form Notice and <u>Exhibit 3</u>, the Post Card Notice shall be collectively referred to as "Class Notice".

NOW THEREFORE, it is agreed by the undersigned, on behalf of thePlaintiff and the Class, as well as ICOT, that the Case be settled and dismissed with prejudice, and without the award of any costs (except to the extent and on the basis set forth in this Agreement), subject to the approval of the Court, on the following terms and conditions:

1.     **<u>Plaintiff; Class Counsel.</u>**

a.     For purposes of this Agreement and the proceedings contemplated herein, the Parties stipulate and agree that the Named Plaintiff shall be appointed to represent the Class and that the following attorney shall apply to be Class Counsel and shall be appointed to represent the Class:

> Anthony I. Paronich
> PARONICH LAW, P.C.
> 350 Lincoln St., Suite 2400
> Hingham, MA 02043
>         -and-
> Steve Koval
> THE KOVAL FIRM, LLC
> 3575 Piedmont Road
> 15 Piedmont Center, Suite 120
> Atlanta, GA  30305
>         -and-
> Edward Broderick
> BRODERICK LAW, P.C.
> 99 High St., Suite 304
> Boston, Massachusetts 02110
>         -and-
> Matthew P. McCue
> THE LAW OFFICE OF MATTHEW P. MCCUE
> 1 South Avenue, Suite 3
> Natick, Massachusetts 01760

3

    b.  The certification of a class for settlement purposes is made without prejudice to ICOT's right to oppose class certification and/or to contest issues of liability, in the Litigation or any other action, should this Agreement be terminated for any reason, and is not to be construed as an admission that the Class or any other class, whether alleged in this Case or not, would be appropriately certified in the Litigation or in any other action.

  **2.**  **Class.**

The Class (the "Class") is defined as follows:

> Plaintiff and all called persons transferred to ICOT Hearing Systems, LLC d/b/a ListenClear from Prospects DM at any time between August 1, 2016 and December 31, 2018.

Detailed and specific data to be provided by ICOT but reasonably believed to be comprised of 332,588 unique class members. Any person who is included in the Class definition is a "Class Member."

  **3.**  **Settlement Consideration and Claims Process.** In full and final settlement of the claims of the Class, and in consideration for the release of the Released Claims, as defined in Section 4 below:

    a)  ICOT shall pay the total amount of One Million Two Hundred Thousand Dollars and 00 Cents ($1,200,000.00), from which cash to members of the Class, notice, administrative costs, service awards, and attorney's fees, costs, and other expenses shall be paid.  More specifically, the Settlement Consideration shall be paid as follows:

    (1)  ICOT will pay an initial lump sum payment of the balance of insurance proceeds (estimated at $675,000.00) within 30 days after

Court's preliminary approval of settlement and they are provided with payment instructions;

(2)     ICOT will pay the balance within one year following the initial payment, payable in equal monthly installments;

(3)     Administration costs will be paid from the settlement amount (Parties will meet and confer to identify most efficient means of Class notice and cooperate to keep administration costs economical); and

(4)     ICOT will provide a detailed Affidavit setting forth its financial hardship as a condition of this Settlement Consideration amount. Named Plaintiff and Class Counsel will not object to that Affidavit being tendered to the Court as a Confidential filing to be maintained under seal.

(5)     To the extent not already in place, Defendant agrees that it has taken additional steps in an effort to comply with the TCPA's requirements regarding making telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice and those step(s) include, but are not limited to, the following:

* Implement enhanced TCPA compliance policies & procedures;
* Annually train staff on TCPA requirements;
* Utilize a compliance committee to regularly conduct internal TCPA compliance self-assessments and engage a third-party to regularly conduct TCPA compliance assessments;

* Conduct commercially-reasonable due diligence on lead generation vendors prior to engaging them and on a regular basis thereafter;

* Contractually require lead generation vendors to comply with all applicable laws, including the TCPA, when conducting lead generation activities on behalf of ICOT;

* Monitor and track consumer complaints to identify and remediate compliance concerns.

b) As described in the class notice, any class member who seeks distribution from the Class recovery as described in this settlement agreement must request and return a completed and signed claim form to the Settlement Administrator, postmarked before the claims deadline, to the address stated in the class notice. Any Class member who fails to timely return a completed and signed claim form by the claims deadline shall not be eligible to participate in any distribution from the Class recovery as described in this settlement agreement. Class members who timely return a valid completed claim form will receive distribution(s) from the Class recovery as described herein.

c) The Settlement Administrator shall review all submitted claim forms to determine if such forms were signed, timely postmarked, and otherwise comply with any requirement set forth in this agreement. The Settlement Administrator shall review all submitted claim forms to determine if the submitting person is eligible for distribution from the Class recovery under this agreement by confirming that the submitting person's identity and/or information is reflected on the Class List. As necessary, the Settlement Administrator may contact such submitting persons to gather additional or omitted information in order to determine their eligibility for distribution(s) from the Class recovery.

d) The Settlement Administrator shall maintain records of all claim forms and all determinations of eligibility from and amount of distribution(s) of Class recovery to Class

members and shall make those records available for review upon the reasonable request of Class Counsel or Defendant's Counsel.

e)      As soon as practicable but no later than sixty (60) days after the effective date or such other date after the effective date as the Court may order, the Settlement Administrator shall pay from the settlement fund the Class recovery to all Class members who file a valid claim pursuant to this settlement agreement on a *pro rata* basis based on the number of valid claim forms received. Multiple subscribers and/or users of any unique telephone number shall be limited to a single recovery per call. A Class member shall be awarded one share. Each share shall permit a Class member to be paid, by a benefit check, a cash benefit equal to the net of the Class recovery divided by the total number of shares allocated to all Class members.

f)      If any amounts remain in the settlement fund because any Class member fails to cash his/her/its benefit check, or such benefit check expires or otherwise becomes null and void, the Settlement Administrator shall distribute the remaining settlement fund to Class members who cashed their benefit check from the previous round of distribution on a *pro rata* basis, if doing so is administratively and economically feasible. In the event such distribution is not administratively and economically feasible, any remaining settlement funds shall be distributed to a cy-pres recipient, the National Consumer Law Center.

**4.      Release.**

In addition to the effect of any orders and final judgments entered in accordance with this Agreement, the Plaintiff and any Class Member who has not timely excluded himself or herself as provided below (individually, a "Releasing Party," and collectively, the "Releasing Parties"), whether or not that Class Member objects to the Settlement, shall be bound by this

Agreement and shall have recourse only to the benefits, rights and remedies provided hereunder. The Releasing Parties shall release and forever discharge ICOT, (including its present and former officers, directors, stockholders, parent companies, subsidiary companies, affiliates, insurers, partners, employees, adjusters, agents, executors, administrators, predecessors, successors, and assigns) (this Release also expressly includes ICOT's vendor Prospects DM, Inc. and its insurance company, Continental Casualty Company) (collectively, the "Released Parties") from any and all claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind, including without limitation (i) those known or unknown or capable or not capable of being known; (ii) claims arising under or relating to the TCPA or any similar state or federal law; (iii) statutory or common law claims predicated upon any alleged violations of the TCPA or any similar state or federal law; and (iv) statutory or common law claims predicated upon and/or arising from the use by any or all of the Released Parties or by any vendor retained by the Released Parties of any "automatic telephone dialing system," and/or "artificial or prerecorded voice" (collectively, the "Released Rights").  The Release in this Section shall be included as part of any judgment, so that all Released Rights shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion.

**5.**      **Notice to the Class**

a)      Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause Class Notice to be disseminated to all Persons in the Class as provided herein. Such Class Notice shall comport with Rule 23 of the Federal Rules of Civil Procedure. The costs and expenses of Class Notice shall be deemed part of the Settlement Administration Expenses to be exclusively paid from the Settlement Fund.

b)    Class Notice was developed in consultation with the Settlement Administrator and includes:

i.    *Mailed Notice.* Subject to the approval of the Court, within thirty (30) calendar days following entry of the Preliminary Approval Order, the Settlement Administrator shall cause a singular Postcard Notice to be mailed first-class U.S. mail to the names and addresses associated with the telephone numbers of the Class, substantially in the form provided in Exhibit 3 hereto. The Settlement Administrator shall perform investigations deemed appropriate by the Settlement Administrator in an attempt to identify complete and current address information for each person in the Class.

ii.    *Settlement Website.* Following entry of the Preliminary Approval Order, but prior to the date of the mailing of the Postcard Notice pursuant to this Settlement Agreement, the Settlement Administrator shall create, maintain, operate, and host a dedicated Settlement Website to assist in the administration of this Settlement. The Settlement Website shall provide Persons in the Class access to copies of the operative complaint, this Agreement with all exhibits referenced herein, Class Notice, including, but not limited to, the Long Form Notice and Claim Form, the Motion for Preliminary Approval, and the Preliminary Approval Order. All costs associated with the creation, operation, maintenance, and hosting of the Settlement Website, including the preparation of all documents provided therein, shall be considered Settlement Administrative Expenses to be exclusively paid from the Settlement Fund.

c)    **CAFA Notice**. Class Counsel, through the Settlement Administrator, shall be responsible for serving the required CAFA Notice(s) within ten (10) calendar days after filing the motion seeking the Preliminary Approval Order. Class Counsel shall take all steps to ensure the Settlement Administrator has contracted in writing to retain such documents and records in accordance with this Settlement Agreement.

d)    **Declaration of Compliance**. The Settlement Administrator shall prepare and execute a declaration attesting to compliance with the Class Notice requirements of this Agreement and the Preliminary Approval Order. Such declaration shall be provided to Class Counsel and Defendant's Counsel and filed with the Court no later than ten (10) calendar days prior to the Final Approval motion being filed.

e)  **Best Notice Practicable.**  The Parties agree that compliance with the procedures described are the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Class of the pendency of the Action, certification of the Class, terms of this Agreement, and the Final Approval Hearing.

6.  **Settlement Administrator.**

The parties have agreed to retain Kurtzman Carson Consultants ("KCC") to serve as the Settlement Administrator.

7.  **Reasonable Best Efforts to Effectuate This Settlement.**

Counsel for the Parties agree to recommend approval of this Agreement by the Court and to undertake commercially reasonable efforts, including undertaking all steps and efforts contemplated by this Agreement and any other steps and efforts that may be necessary or appropriate, by order of the Court or otherwise, to carry out the terms of this Agreement.

8.  **Motion for Preliminary Approval of the Settlement.**

As soon as practical after the execution of this Agreement, but in all events no later than June 3, 2019 (unless otherwise agreed to by the Parties), the Parties shall file with the Court a motion seeking preliminary approval of the Settlement reflected in this Agreement.  ICOT agrees to cooperate in obtaining a preliminary approval order, but that shall not be an admission by ICOT that a class and/or relief would have been appropriate in the Litigation.

9.  **Notice to Class Members.**

The Parties shall work together to prepare a list of Class Members to receive class notice (the "Class Member List"), including to the extent available each Class Member's email and mailing address.  Upon or as soon as practicable following the entry of the preliminary approval

order, but in no event later than ten (10) days prior to commencing notice to the Class, the Parties shall provide the Class Member List to the Settlement Administrator.

The Settlement Administrator shall perform any further investigations deemed appropriate by the Settlement Administrator an attempt to identify current mailing addresses for individuals who are included in the Class Member List.

More specificity as to procedure for Notice shall be determined by counsel for the Parties, who agree to work cooperatively together to achieve Notice efficiently.

**10.** **Right and Effect of Members of the Class to Opt-Out.**

a)     The Class Notice shall contain information about how a person in the class may opt-out of the Settlement (*i.e.,* a request to be excluded from the Class) by mailing a Request for Exclusion by first-class mail, postage prepaid, and postmarked to the address of the Settlement Administrator as specified in the Class Notice. Such Request for Exclusion shall clearly indicate the name, address, telephone number the name and case number of the Action, a clear and unequivocal statement that the Person wishes to be excluded from the Class, and the signature of such Person or, in the case of a Person in the Class who is deceased or incapacitated, the signature of the legally authorized representative of such Person along with all of the indications set forth in this sentence. Class Counsel and Defendant's Counsel shall be provided a copy of each opt-out received by the Settlement Administrator.

b)     The Class Notice shall contain information about how a person in the class may object to the Settlement. A member of the Class may object to the Settlement by filing a written objection with the Court by the Objection/Exclusion Deadline, with a copy served on the Settlement Administrator, Class Counsel, or Defendant's Counsel at the addresses provided in the Class Notice. The written objection must contain the following:

- the full name, address, telephone number, and signature of the objector;

- the specific reasons for the objecting Class member's objection to the Settlement, and a detailed statement of the factual and legal basis for such objections;

- the identity of all witnesses, including the witnesses' name and address, and a summary of such witnesses' proposed testimony who the objecting Class member may call to testify at the Final Approval Hearing, and describe and produce copies of all evidence such objecting Class member may offer at the Final Approval Hearing; and

- a statement whether the objecting Class Member and/or his/her/its attorney(s) intend to appear at the Final Approval Hearing.

The parties shall have the right to depose or seek discovery from any objecting Class Member to assess whether the objector has standing to object.

11.     **Inquiries from Class Members.**

It shall be the responsibility of the Settlement Administrator to respond to all inquiries from members of the Class with respect to this Agreement and the Settlement, except to the extent that inquiries are directed to Class Counsel.  The Settlement Administrator will work with counsel for the Parties to identify the most efficient procedure for responding to said inquiries.

12.     **Motion for Final Approval and Entry of Final Judgment.**

If the Court preliminarily approves the Settlement, the Parties shall submit a motion for final approval of the Settlement, including a memorandum in support of the motion, and shall seek entry of an order and final judgment in this Case within at least ten (10) days prior to the Final Approval Hearing.

13.     **Finality of Settlement.**  The Settlement shall become final upon the occurrence of all of the following: (1) The Settlement is approved by the Court as required by Rule 23(e)

of the Federal Rules of Civil Procedure; (2) an order and final judgment of dismissal with prejudice is entered in the Litigation; and (3) the time for appeal from the entry of the order and final judgment has expired.

14.     **Plaintiffs' Attorneys' Fees, Expenses and Incentive Award.**

a)     With the motion for final approval of the Settlement, Class Counsel shall make an application to the Court for an award of attorney's fees, costs and other expenses for their representation of the Named Plaintiff and the Class, to be paid from and up to thirty three percent (33%) of the total value of the Settlement plus any expenses incurred.

b)     On or before thirty (30) days after the Preliminary Approval Order has been entered, Class Counsel shall file with the Court a Fee and Cost Application seeking a Fee Award of Attorneys' Fees and Costs to be paid exclusively from the Settlement Fund, which Fee and Cost Application shall be subject to approval by the Court.

c)     On or before thirty (30) days after the Preliminary Approval Order has been entered, the Class Representative shall file with the Court a Fee and Cost Application to be paid exclusively from the Settlement Fund seeking an Incentive Award of up to Five Thousand Dollars ($5,000) in recognition of the time and efforts invested by the Named Plaintiff.

15.     **Disapproval, Cancellation, Termination or Nullification of Settlement.**

If the Court denies preliminary approval of this Agreement, or declines to finally approve the Settlement, or if the Court does not enter the final judgment in this Case in accordance with the terms of this Settlement Agreement, or if the Court enters the final judgment and appellate or other discretionary review is sought, and on such review, such final judgment is reversed, vacated or materially modified, or if the Settlement for any other reason does not become final

in accordance with the terms of this Agreement, then the Settlement shall be terminated upon the election of all of the Plaintiffs or ICOT, through their undersigned counsel.

16.    **Binding Effect.**  This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties, including the members of the Class who do not timely request to be excluded, and of the Released Parties.  Without limiting the generality of the foregoing, each and every covenant and agreement herein by the Named Plaintiffs and Class Counsel shall be binding upon all members of the Class.

17.    **Public Statements Regarding Settlement.**

There shall be no comments made to the press or any other disclosure by or through the Parties or their attorneys with intent that such disclosure will directly or indirectly result in notifying the media or advertising publicly about the Settlement or any of its provisions unless and until the Court has granted preliminary approval of the proposed Settlement.  If preliminary approval is denied, the Parties and their attorneys shall refrain from making any comments regarding the proposed Settlement for purposes of publication.  If preliminary approval is granted, the Parties and their attorneys shall refrain from initiating comments about the Settlement to any members of the press or any other person for the purposes of providing public comment regarding the Settlement except as required by the Court and to effectuate the Notice described herein.

Notwithstanding the foregoing, Class Counsel may place factual notices on their websites informing visitors to their websites of the case status, with links to the Settlement Website. No Party shall disparage any other in any fashion.  In no event shall the Named Plaintiffs, Class

Counsel, or their agents state or imply to any person that the Settlement represents an acknowledgement by ICOT of wrongdoing or liability.

18.    **Integrated Agreement.** This Agreement contains the entire, complete, and integrated statement of each and every term and provision of the Settlement. There are no promises, representations, warranties, covenants or undertakings governing the subject matter of this Agreement other than those expressly set forth in this Agreement. This Agreement supersedes all prior agreements and understandings among the Parties with respect to the settlement of the Cases. This Agreement shall not be modified in any respect except by a writing executed by the undersigned in the representative capacities specified, or others who are authorized to act in such representative capacities.

19.    **Headings.** The headings used in this Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Agreement.

20.    **Choice of Law.** All terms of this Agreement shall be governed by and interpreted according to the substantive laws of the State of Georgia without regard to its choice of law or conflict of laws principles that would require the application of the laws of another jurisdiction.

21.    **Execution of Documents.** The Parties shall execute all documents and perform all acts reasonably necessary and proper to effectuate the terms of this Agreement. The execution of documents must take place prior to the date scheduled for the hearing on preliminary approval of this Agreement.

22.    **Execution in Counterparts.** This Agreement may be executed in counterparts. E-mailed signatures shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this Agreement and filed with the Court.

Dated: May 24, 2019

**For Plaintiff and the Class:**

_Matthew Hennie_                                                Date:  6.3.19
Matthew Hennie

**Class Counsel:**

_[signature]_                                                   Date:  6-3-19
Anthony Paronich
PARONICH LAW, P.C.

_____                                        Date: _____
Authorized Agent for ICOT HEARING SYSTEMS, LLC
and ICOT HOLDINGS, LLC

16

22.    **Execution in Counterparts.**  This Agreement may be executed in counterparts. E-mailed signatures shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this Agreement and filed with the Court.

Dated: May 24, 2019

**For Plaintiff and the Class**:

_____        Date: _____
Matthew Hennie

**Class Counsel:**

_____        Date: _____
Anthony Paronich
PARONICH LAW, P.C.

_____        Date: __6/3/19__
Authorized Agent for ICOT HEARING SYSTEMS, LLC
and ICOT HOLDINGS, LLC
MATTHEW J. WHELAN
CHIEF OPERATING OFFICER

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **MATTHEW HENNIE, on behalf of himself and others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | **Case No. 1:18-CV-02045-WMR** |
| **v.** | ) ) | |
| **ICOT HEARING SYSTEMS, LLC, D/B/A LISTENCLEAR and ICOT HOLDINGS, LLC, et al.** | ) ) ) ) ) | |
| **Defendants,** | ) ) ) | |

<u>**PRELIMINARY APPROVAL ORDER**</u>

The Plaintiff has moved for preliminary approval of a proposed class settlement which would resolve the Plaintiff's class-action claims brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* Upon consideration of the motion, the Settlement Agreement, and the exhibits thereto, the Court **GRANTS** preliminary approval of the Settlement, finding specifically as follows.[1]

### I.      Jurisdiction

1.      The Court preliminarily finds that it has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

## II.     Certification of Settlement Class

2.      Under Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily

certifies the following "Settlement Class," consisting of:

> Plaintiff and all called persons transferred to ICOT Hearing Systems,
> LLC d/b/a ListenClear from Prospects DM at any time between August
> 1, 2016 and December 31, 2018.

## III.     Class Representative and Class Counsel

3.      The Court preliminarily appoints Plaintiff Matthew Hennie as Class Representative

Under Rule 23(g), the following attorneys and firms are preliminarily appointed as Class Counsel:

> Anthony I. Paronich
> PARONICH LAW, P.C.
> 350 Lincoln St., Suite 2400
> Hingham, MA 02043
>           -and-
> Steve Koval
> THE KOVAL FIRM, LLC
> 3575 Piedmont Road
> 15 Piedmont Center, Suite 120
> Atlanta, GA  30305
>           -and-
> Edward Broderick
> BRODERICK LAW, P.C.
> 99 High St., Suite 304
> Boston, Massachusetts 02110
>           -and-
> Matthew P. McCue
> THE LAW OFFICE OF MATTHEW P. MCCUE
> 1 South Avenue, Suite 3
> Natick, Massachusetts 01760

## IV.     Rule 23 Requirements

4.      The Court preliminarily finds that the prerequisites for a class action under Federal

Rules of Civil Procedure 23(a) have been satisfied in that: (a) the number of Settlement Class

Members is so numerous that joinder of all members thereof is impracticable; (b) there are

questions of law and fact common to the Settlement Class Members; (c) the claims of the class representative are typical of the claims of the Settlement Class Members; (d) the class representative will fairly and adequately represent the interests of the Settlement Class Members

5.     The Court further finds that the prerequisites for class certification under Rule 23(b)(3) have been satisfied in that (A) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (B) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## V.     Preliminary Approval of the Settlement

6.     Pursuant to the Settlement Agreement, the Defendant has agreed to pay the total amount of One Million Two Hundred Thousand Dollars and 00 Cents ($1,200,000.00), from which cash to members of the Class, notice, administrative costs, service awards, and attorney's fees, costs, and other expenses shall be paid.  More specifically, the Settlement Consideration shall be paid as follows:

a.   ICOT will pay an initial lump sum payment of the balance of insurance proceeds (estimated at $675,000.00) within 30 days after Court preliminary approval of settlement and they are provided with payment instructions;

b.   ICOT will pay the balance within one year following the initial payment, payable in equal monthly installments.

Amounts awarded to Class Counsel or the Class Representative will be paid from the Settlement Fund. Class Members will receive a pro-rata share of the Settlement Fund after attorneys' fees and costs, the Class Representative's award, the costs of notice and administration are deducted, and any other expenditure authorized by the Court. In addition to payments from the Settlement Fund, Defendant has also agreed that it will take remedial steps in an effort to comply with the TCPA's requirements.

7.     Having considered the motion for preliminary approval, the Settlement Agreement, and the exhibits thereto, the Court preliminarily finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

## VI.     Notice and Administration

8.     The Court appoints Kurtzman Carson Consultants ("KCC") to perform the functions and duties of the Settlement Administrator set forth in the Settlement Agreement – including effectuating the Notice Plan – and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

9.     The Court has carefully considered the notice program set forth in the Settlement Agreement. The Court finds that the notice program constitutes the best notice practicable under the circumstances and satisfies fully the requirements of Rule 23(c)(2), and the requirements of due process.

10.     The Court thus approves the notice program and the form, content, and requirements of the Notice described in and attached as exhibits to the Settlement Agreement. The Settlement Administrator shall cause the Notice Plan to be completed on or before **[30 days after preliminary approval].** Class Counsel shall, prior to the Final Approval Hearing, file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the notice program.

11.     All costs of providing Notice to the Settlement Class, processing Claim Forms, and administering distributions from the Settlement Fund shall be paid out of the Settlement Fund,

as provided by the Settlement Agreement.

## VII.    Claims and Exclusion

12.    Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such persons request exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

13.    A member of the Settlement Class wishing to file a claim or to request exclusion (or "opt-out") from the Settlement shall mail the request in written form, by first class mail, postage prepaid, and must be received no later than **[90 days after preliminary approval]** by the Settlement Administrator at the address specified in the Notice.

14.    Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against the Defendant or any of the other Released Parties.

15.    All Settlement Class Members who do not timely and validly request exclusion shall be so bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendant or any of the other Released Parties.

16.    The Settlement Administrator will promptly provide all Parties with copies of any exclusion requests, and Plaintiff shall file a list of all persons who have validly opted-out of the Settlement with the Court prior to the Final Approval Hearing.

## VIII.   Objections

17.    Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees

and expenses, or to the compensation award to the Class Representative must submit to Class Counsel and the Settlement Administrator a written statement that includes: his or her full name; address; telephone numbers that he or she maintains were called; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; and if he or she intends to introduce evidence at the Final Approval Hearing. The Court will consider objections to the Settlement, to the award of attorneys' fees and expenses, or to the compensation award to the Class Representative only if, on or before **[90 days after preliminary approval]**, such objections and any supporting papers are filed in writing with the Clerk of this Court and served on the Settlement Administrator.

18.     A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding their objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and expenses and/or the request for a compensation award to the Class Representative will be heard unless that person has filed a timely written objection as set forth above. No non-party, including members of the Settlement Class who have timely opted-out of the Settlement, will be heard at the Final Approval Hearing.

19.     Any member of the Settlement Class who does not opt out or make an objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order and Judgment.

### IX.    Application for an Award of Attorneys' Fees, Costs and an Incentive Award.

20.    Any application for a compensation award to the Class Representative as well as any application for an award of attorneys' fees and expenses must be filed on or before **[30 days after preliminary approval]**.

### X.    Final Approval Hearing

21.    A Final Approval Hearing is will be held before the Court on **[at least 150 days after preliminary approval] at _____ am** for the following purposes:

(a)    to finally determine whether the requirements of Federal Rules of Civil Procedure 23(a) and (b) are met;

(b)    to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)    to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d)    to consider the application for an award of attorneys' fees and expenses of Class Counsel;

(e)    to consider the application for an compensation award to the Class Representative;

(f)    to consider the distribution of the Settlement Benefits under the terms of the Settlement Agreement; and

(g)    to rule upon such other matters as the Court may deem appropriate.

22.    On or before ten (10) days prior to the Final Approval Hearing, Class Counsel shall file and serve (i) a motion for final approval.

23.     The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

24.     For clarity, the deadlines the Parties shall adhere to are as follows:

| | |
|---|---|
| **Incentive Award and Fee Application:** | **(30 days post entry of PA Order)** |
| **Class Notice Completed by:** | **(30 days post entry of PA Order)** . |
| **Objection/Exclusion Deadline:** | **(90 days post entry of PA Order)** |
| **Claim Deadline:** | **(90 days post entry of PA Order)** |
| **Final Approval Submissions:** | **(10 days prior to Final Approval Hearing)** |
| **Final Approval Hearing:** | **(150 or more days after entry of PAO)** |

25.     Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

## XI.     Further Matters

26.     All discovery and other pretrial proceedings in the Action are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

27.     In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further

force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

28.    The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.


DATED: _____, 2019            _____
                                         Hon. William M. Ray, II
                                         United States District Court

# EXHIBIT 2

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

*Hennie v. ICOT Hearing Systems, LLC d/b/a ListenClear, United States District Court for the Northern District of Georgia, No. 1:18-CV-02045-WMR*

# If you received a call from ProspectsDM and were transferred to the Defendant, you could get a payment from a class action settlement.

***A federal court authorized this Notice. This is not a solicitation from a lawyer.***

- Defendant ICOT Hearing Systems, LLC d/b/a ListenClear ("Defendant") has agreed to pay one million two hundred thousand dollars ($1,200,000) into a fund from which eligible persons or entities who file claims will receive cash awards, estimated to be approximately $20 per claim.

- The settlement resolves a lawsuit involving allegations that Defendant, through a single vendor, made telemarketing calls between August 1, 2016 and December 31, 2018 using an artificial or prerecorded voice.

- Court-appointed lawyers for the class ("Class Counsel") will ask the Court for four hundred thousand dollars ($400,000.00) of the fund as attorneys' fees for the time the spent investigating the facts, litigating the case, and negotiating the settlement. Class counsel will also ask the Court to reimburse them up to $**INSERT** for the out-of-pocket expenses they incurred in pursuing the case.

- Defendant denies all allegations of wrongdoing in the lawsuit. As part of the proposed settlement, Defendant does not admit to any wrongdoing and continue to deny the allegations against them.

- The two sides disagree on whether Plaintiff and the class could have won at trial.

- Your legal rights are affected whether you act, or don't act. Read this Notice carefully.

35655796v1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY DATE (90 DAYS POST PRELIM APP ORDER)** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF BY DATE (90 DAYS POST PRELIM APP ORDER)** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Defendant about the legal claims in this case. |
| **OBJECT BY DATE (90 DAYS POST PRELIM APP ORDER)** | Write to the Court explaining why you don't like the settlement. |
| **ATTEND A HEARING ON DATE (At least 150 days after Prelim App. Order** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up right to ever be part of any other lawsuit against Defendant about the legal claims in this case. |

# BASIC INFORMATION

The purpose of this Notice is to let you know that a proposed settlement has been reached in the class action lawsuit entitled *Hennie v. ICOT Hearing Systems, LLC d/b/a ListenClear*, United States District Court for the Northern District of Georgia, No. 1:18-CV-02045-WMR. You have legal rights and options that you may act on before the Court decides whether to approve the proposed settlement. Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims. All of these people are a class, or class members. One court resolves the issues for all class members, except those who exclude themselves from the class.

Here, the class representative alleges that from August 1, 2016 and December 31, 2018 Defendant, through a vendor ProspectsDM, violated the Telephone Consumer Protection Act ("TCPA") by making calls using an artificial or prerecorded voice. The class representative alleges that Defendant did not have the recipients' permission to make these calls.

QUESTIONS? CALL 1-XXX-XXX-XXXX TOLL FREE OR VISIT WWW.XXX.COM

The Court has certified a class for settlement purposes only (the "Settlement Class"). U.S. District Court Judge William M. Ray, II (the "Court") is in charge of this class action.

Defendant denies that it did anything wrong, and deny that this case would be certified as a class action in litigation.

## THE SETTLEMENT

The Court did not decide in favor of the Plaintiff or Defendant. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The class representatives and their attorneys think the settlement is best for the Settlement Class.

## WHO IS IN THE SETTLEMENT?

You are in the "Settlement Class" if, between August 1, 2016 and December 31, 2018, Defendant, through a vendor ProspectsDM, called you on using a prerecorded voice.

If you have questions about whether you are part of the Settlement Class, you may call 1-XXX-XXX-XXXX or visit www.XXX.com for more information.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

Defendant has agreed to pay One Million Two Hundred Thousand Dollars and 00 Cents ($1,200,000.00) to be divided among all Settlement Class Members who send in a valid Claim Form after any fees, costs, service awards, and settlement administration expenses have been deducted.

Defendant has also agreed that they will take remedial steps in an effort to comply with the TCPA's requirements.

Your share of the settlement will depend on the number of Claim Forms that Settlement Class Members submit. Class Counsel estimate you will receive approximately $20 per claim, but this is only an estimate.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

35655796v1

To qualify for payment, you must submit a Claim Form by Month XX, XXXX. There are multiple ways to submit a Claim Form. A paper Claim Form is available by requesting or by calling 1-XXX-XXX-XXXX.. Read the instructions on the postcard carefully, fill out the form, sign it, and mail it postmarked no later than Month XX, XXXX. You may also submit a Claim Form online by going to the Settlement Website at www.XXX.com and following directions. You also may download a paper Claim Form on the Settlement Website or call the Settlement Administrator at 1-XXX-XXX-XXXX. Claim Forms sent by mail must be postmarked by Month XX, XXXX and mailed to:

ListenClear Telemarketing Settlement<br>
Settlement Administrator<br>
P.O. Box. XXXX<br>
City, State Zip Code

The Court will hold a hearing on Month XX, XXXX to decide whether to approve the settlement. If the settlement is approved, appeals may still follow. It is always uncertain whether these appeals can be resolved, and resolving them can take more than a year. Please be patient.

Unless you exclude yourself, you are staying in the Settlement Class and you will be a Settlement Class Member. That means you can't sue, continue to sue, or be part of any other lawsuit against Defendant regarding the TCPA claims that are subject to the settlement. If the settlement is approved and becomes final and not subject to appeal, then you and all Class Members release all "Released Claims" against all "Released Parties." It also means that all of the Court's orders will apply to you and legally bind you.

The Settlement Agreement (available at www.XXX.com) describes the claims you are releasing (the "Released Claims") and against whom you are releasing claims ("Released Parties") in detail, so read it carefully. To summarize, the release includes, but is not limited to, telemarketing-related claims that arise out of the improper use of an "automatic telephone dialing system" and/or an "artificial or prerecorded voice" to make telephone calls to cellular phones by Defendant.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendant, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself—or is sometimes referred to as "opting out" of the Settlement Class.

To exclude yourself from the settlement, you must send a letter saying that you want to be excluded from the , *Hennie v. ICOT Hearing Systems, LLC d/b/a ListenClear*, United States District Court for the Northern District of Georgia, No. 1:18-CV-02045-WMR settlement. You must sign the letter and include a statement that you wish to be excluded from this action. Please be sure to include your name, address and telephone number and signature. You must mail your exclusion request postmarked no later than Month XX, XXXX to the following address:

ListenClear Telemarketing Settlement
Settlement Administrator
P.O. Box XXXX
City, State Zip Code

You cannot exclude yourself on the phone or by fax or email. If you ask to be excluded, you will not get any payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Defendant in the future.

Unless you exclude yourself, you give up any right to sue Defendant for the claims that this settlement resolves. If you already have a lawsuit that may relate to the claims being released as part of this class settlement, you should speak to your lawyer in that case immediately. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is Month XX, XXXX.

 If you exclude yourself, do not submit a Claim Form to ask for a payment.

# THE LAWYERS REPRESENTING YOU

The Court has appointed Koval Law Firm, LLC, Paronich Law, P.C., Broderick Law, P.C. and The Law Office of Matthew P. McCue to represent you and other Settlement Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

Class Counsel will ask the Court to approve payment of up to four hundred thousand dollars to them for attorneys' fees. This amounts to 33 1/3% of the total fund.  Class Counsel will also seek recovery of their actual expenses spent on the litigation of up to $INSERT. These payments would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel also will request a service award of $5,000 for the named Plaintiff to compensate him for his time and effort. The Court may award less than these amounts.

QUESTIONS? CALL 1-XXX-XXX-XXXX TOLL FREE OR VISIT WWW.XXX.COM

## OBJECTING TO THE SETTLEMENT

If you are a Settlement Class member and you do not exclude yourself from the Settlement Class, you can object to the settlement if you don't like any part of it. You may give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to *Michael Kaiser-Nyman v. First Choice Payment Solutions G.P. d/b/a Sekure Merchant Solutions*. You must make your objection in writing and file it with the Court. The written objection must (a) contain information sufficient to allow the parties to confirm that you are a member of the Settlement Class, including your full name, address, telephone number, and signature; (b) include a statement of your specific objections, as well as any witness testimony and documents that you would like the Court to consider; and (c) the name and contact information of any attorney you intend to have assert your objections before the Court. You must file the objection with the Court no later than Month XX, XXXX.

*Hennie v. ICOT Hearing Systems, LLC d/b/a ListenClear*, No. 1:18-CV-02045-WMR
United States District Court for the Northern District of Georgia
Civil Clerk's Office
75 Ted Turner Drive, SW
Atlanta, GA 3030

Objecting simply means telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold the final fairness hearing at X:00 x.m. on Month XX, XXXX, before the Honorable William M. Ray, II at the U.S. District Court, Northern District of Georgia, 2211 United States Courthouse, 75 Ted Turner Drive, SW Atlanta, GA 3030. The purpose of the hearing is for the Court to determine whether the settlement is fair, reasonable, adequate, and in the best interests of the class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses, and the incentive award to the class representative. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**Note:** The date and time of the fairness hearing are subject to change by Court Order. Any changes will be posted at the Settlement website, www.XXX.com.

## DO I HAVE TO ATTEND THE HEARING

QUESTIONS? CALL 1-XXX-XXX-XXXX TOLL FREE OR VISIT WWW.XXX.COM

Class Counsel will answer any questions the Court may have. But you are welcome to come to the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time, and meets the other criteria described in the Settlement Agreement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement Agreement. If you filed an objection and intend to appear at the hearing, you must state your intention to do so in your objection. To speak, you must state that in your objection. Be sure to include your name, address, telephone number, that you are a Class Member, and your signature. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant about the legal issues released in this case.

## GETTING MORE INFORMATION

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You may review the Settlement Agreement on the Settlement Website at www.XXX.com. You can also get a copy of the Settlement Agreement by writing to any of the Court appointed attorneys.

You can call 1-XXX-XXX-XXXX toll free; write to Patriot Payment Group Telemarketing Settlement, P.O. Box XXXX, City, State Zip Code; or visit the website at www.XXX.com, where you will find answers to common questions about the settlement, a Claim Form, plus other information to help you determine whether you are a member of the Settlement Class. You also may write to Paronich Law, P.C., 350 Lincoln Street, Suite 2400, Hingham, MA 02043.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**

35655796v1

# EXHIBIT 3

*Hennie v. iEOS Healing Systems, LLC* Settlement Administrator
P.O. Box 43442
Providence, RI 02940-3442

«Barcode»
Postal Service: Please do not mark barcode

Claim#: AAG-«ClaimID»-«MailRec»
«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «St»  «Zip»

«Country»

A proposed settlement (the "Settlement") has been reached in a class action lawsuit, *Hennie v. ICOT Hearing Systems, LLC d/b/a ListenClear*, United States District Court for the Northern District of Georgia, No. 1:18-CV-02045-WMR (the "Action"). The lawsuit alleges that telemarketing calls made by ListenClear, through a vendor ProspectsDM, violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). ListenClear denies that it violated any laws, that it did anything wrong, or that a class could be certified. Plaintiff and ListenClear have agreed to the Settlement to avoid the burden, expense, risk and uncertainty of continuing the Lawsuit.

**Who is included?** You were identified as someone who may have received one or more of these phone calls between August 1, 2016 and December 31, 2018.

**How much money can I get?** If the Court approves the Settlement, every Settlement Class Member who submits a valid Claim Form will be entitled to an equal payment from the $1,200,000 Settlement Fund. Class Counsel estimate that per class claimant payout will be $20, but your actual payment amount will depend on how many Settlement Class Members submit valid Claim Forms. The Settlement Fund will be divided and distributed equally– sometimes referred to as "pro rata"–to all Settlement Class Members who submit a valid Claim Form after attorneys' fees, costs and expenses, an award for the Class Representative, and notice and administration costs have been deducted. Class Counsel intend to seek reimbursement of $400,000 for attorneys' fees plus an additional of up to $**AMOUNT** in reimbursement for out of pocket expenses.

**How can I get a payment?** You must complete a Claim Form by no later than **[DATE]. (90 DAYS POST PRELIM APP ORDER)** Claim Forms may be completed online at **INSERT** or obtained by calling the Settlement Administrator at **INSERT.**

**What are my options?** If you are a Settlement Class Member and you submit a Claim Form or do nothing, and the Court approves Settlement, you will be bound by all of the Settlement terms, including the releases of claims against ListenClear and the other Released Parties. You may "opt out" (exclude yourself) from the Settlement. If you opt out, you will not receive a payment, and you will not release any claims. You will be free to pursue whatever legal rights you may have at your own risk and expense. To exclude yourself from the Settlement, you must mail a request for exclusion to: *Hennie v. ListenClear* Settlement Administrator, P.O. Box 43442, Providence, RI 02940-3442, which must be postmarked by **[DATE] (90 DAYS POST PRELIM APP ORDER)** that includes your full name, address, telephone number or numbers, a statement that you wish to be excluded from the *Hennie v. ListenClear* Settlement, and your signature. Unless you exclude yourself from this Settlement, you give up your right to sue or continue a lawsuit against ListenClear and the other Released Parties. You may object to the Settlement by submitting a written objection in *Hennie v. ICOT Hearing Systems, LLC d/b/a ListenClear*, United States District Court for the Northern District of Georgia, No. 1:18-CV-02045-WMR to (1) the Clerk of Court, U.S. District Court, Northern District of Georgia, 2211 United States Courthouse, 75 Ted Turner Drive,SW Atlanta, GA 3030 by **[DATE].** Also send your objection to the administrator and to class counsel. Any objection must include your full name; address; telephone numbers that you maintain were called; all grounds for your objection, with factual and legal support for each stated ground; the identity of any witnesses you may call to testify; copies of any exhibits that you intend to introduce into evidence; and a statement of whether you intend to appear at the Final Approval Hearing with or without counsel. Attendance at the hearing is not necessary. If you want to be heard orally (either personally or through counsel) in opposition to the Settlement you must file a timely objection as set forth above.

**When will the Settlement be finally approved?** The Court will hold a Final Approval Hearing (the "Hearing") at **[DATE] and Time (at least 150 days after entry of Prelim App. Order)** at the U.S. District Court, U.S. District Court, Northern District of Georgia, 2211 United States Courthouse, 75 Ted Turner Drive, SW Atlanta, GA 3030. At the Hearing, the Court will consider whether to approve: the proposed Settlement as fair, reasonable, and adequate; Class Counsel's request of up to one-third of the Settlement Fund in fees in addition to their costs and expenses; and a $5,000 payment to the Class Representative. The Court will also hear objections to the Settlement. If approval is denied, reversed on appeal, or does not become final, the case will continue and claims will not be paid.

**Want more information?** The Settlement Agreement and other relevant documents are available at **INSERT**. Pleadings and documents filed in Court may be reviewed or copied in the office of the Clerk. Please do not call the Judge or the Clerk of the Court. They cannot give you advice on your options.

35655904v1

# EXHIBIT 4

*Hennie v. ICOT Hearing Systems, LLC d/b/a ListenClear*
Settlement Administrator
P.O. Box #####

**TBD**

> **Must be Postmarked
> No Later Than
> _____ ___, 2019**

PROOF OF CLAIM FORM

Complete the steps below to Submit a Claim under the Settlement described in the Notice. *You must complete and return this Claim Form before _____ __, 2019 (90 DAYS POST PRELIM APP ORDER) to be eligible to receive a payment under this Settlement. Your response will be checked against records produced in this case.*

**1.**   <u>**Identify yourself:**</u>

First Name                                                              M.I.      Last Name

Address

City                                                                                          State      Zip Code

__

Telephone Number

| **2.** | <u>**Verify that you are a member of the Settlement Class described in the Notice:**</u> |
|---|---|
| | By filing in this circle, I am confirming that: |
| | ◯  The above information is accurate. |
| **3.** | <u>**Sign the Claim Form and submit it to the Settlement Administrator:**</u> |
| | After you complete this Claim Form, sign it below and submit it by United States Mail to the Settlement Administrator, postmarked no later than _____ __, 2019, at the following address: |
| | *Hennie v. ICOT Hearing Systems, LLC d/b/a ListenClear* Settlement Administrator<br>P.O. Box #####<br>Louisville, KY #####-#### |

NOTE: Only one claim is permitted per telephone number:

I certify that the statements herein are true and correct to the best of my knowledge, and that I am not submitting multiple claim forms in this settlement, except as disclosed herein.

Signature: _____     Dated: __ __ / __ __ / __ __

Print Name: _____

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **MATTHEW HENNIE, on behalf of himself and others similarly situated,**　　　　　） ） ） | |
| **Plaintiff,**　　　　　） ） | **Case No. 1:18-CV-02045-WMR** |
| **v.**　　　　　） ） | |
| **ICOT HEARING SYSTEMS, LLC, D/B/A LISTENCLEAR and ICOT HOLDINGS, LLC, et al.**　　　　　） ） ） ） | |
| **Defendants,**　　　　　） ） ） ） | |

**[PROPOSED]
FINAL APPROVAL ORDER AND JUDGMENT**

The Parties in this class action lawsuit have moved for final approval of their proposed class settlement. The Court preliminarily approved the Settlement Agreement on ＿＿＿＿＿, 2019, and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

Upon consideration of the motion, the Settlement Agreement, and the exhibits thereto, the Court **GRANTS** final approval of the Settlement, finding specifically as follows:

### I.　　Jurisdiction

1.　　This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.[1]

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

## II.      Class Definition

2.      Under Federal Rule of Civil Procedure 23(c), the Court certifies the following

"Settlement Class", consisting of:

> Plaintiff and all called persons transferred to ICOT Hearing
> Systems, LLC d/b/a ListenClear from Prospects DM at any time
> between August 1, 2016 and December 31, 2018.

## III.      Class Representative and Class Counsel

3.      Under Federal Rule of Civil Procedure 23, Matthew Hennie is hereby appointed as

Class Representative.

4.      The following are hereby appointed as Class Counsel:

> Anthony I. Paronich
> PARONICH LAW, P.C.
> 350 Lincoln St., Suite 2400
> Hingham, MA 02043
>            -and-
> Steve Koval
> THE KOVAL FIRM, LLC
> 3575 Piedmont Road
> 15 Piedmont Center, Suite 120
> Atlanta, GA  30305
>            -and-
> Edward Broderick
> BRODERICK LAW, P.C.
> 99 High St., Suite 304
> Boston, Massachusetts 02110
>            -and-
> Matthew P. McCue
> THE LAW OFFICE OF MATTHEW P. MCCUE
> 1 South Avenue, Suite 3
> Natick, Massachusetts 01760

## IV.      Rule 23 Requirements

5.      Pursuant to Rule 23(a) Court finds that: (a) the Settlement Class is so numerous that

joinder of all members is impracticable; (b) there are questions of law or fact common to the

Settlement Class; (c) the claims of the Class Representative, identified above, are typical of the

2

claims of the Settlement Class; and (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class.

6.      Pursuant to Rule 23(b)(3), the Court finds that: (A) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (B) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

## V.      Notice and Opt-outs.

7.      The Court finds that, in accordance with the Notice Plan and Rule 23(c)(2)(B), the Settlement Administrator provided the best notice practicable under the circumstances, including individual notice to all Class members who could be identified through reasonable effort.

8.      The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1715.

9.       All persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order and Judgment.  The list of persons submitting notices seeking exclusion from the Settlement Class, submitted by Plaintiff pursuant to the Preliminary Approval Order is hereby accepted as the list of persons who have made timely and valid requests for exclusion.

## VI.     Final Approval of the Settlement.

10.     Pursuant to the Settlement Agreement, the Defendant shall pay One Million Two Hundred Thousand Dollars and 00 Cents ($1,200,000) to create the Settlement Fund. Class Members who have submitted a valid claim will receive a pro-rata share of the Settlement Fund after attorneys' fees and costs, the Class Representative's award, and the costs of notice and

35655595v1

administration are deducted. In addition to payments from the Settlement Fund, Defendant have also agreed that they have taken steps to ensure compliance going forward with the telemarketing conduct alleged in the First Amended Complaint.

11.     The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiff, Settlement Class Members, and the Defendant. The Court has also read and considered any written objections filed by Settlement Class Members. [Alternatively: "The Court has not received any objections from any person regarding the Settlement."] The Court held a hearing on _____, 2019, at which time the parties [and objecting Settlement Class Members] were afforded the opportunity to be heard in support of or in opposition to the Settlement. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated on _____, 2019, and that ninety (90) days has passed without comment or objection from any governmental entity.

12.     The Court now grants final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

13.     The Court clarifies that Section 6.5 of the Settlement Agreement does not preclude or discourage Settlement Class members from contacting, assisting, responding to, or otherwise cooperating with governmental authorities relating to the issues raised in the Settlement Agreement.

14.     The Settlement Administrator shall take all reasonable steps necessary to ensure

4

that the settlement is effectuated in a manner consistent with the Settlement Agreement.

15.     In the event that settlement payments exceed the threshold amounts that must be reported to the Internal Revenue Service by means of a Form 1099, Class Counsel, and the Settlement Administrator, will take all necessary and reasonable steps to obtain W-9's from claimants and to comply with applicable IRS regulations on issuing 1099's without a social security number of tax entity identification number, and shall take all reasonable and necessary steps to avoid imposition of IRS penalties against the Settlement Fund, including, but not limited to limiting payments below the reportable threshold and/or withholding of taxes and any applicable penalties.

16.     The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

17.     The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

18.      On and after the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, or litigating any other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims.

19.     The Court further orders that upon the Effective Date, the above-described releases and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties.

20.     Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

### VII.    Attorneys' Fees, Attorney Expenses and Class Representative's Award

21.     The Court approves payment of attorneys' fees, costs, and expenses to Class Counsel in the amount of $_____ in attorneys' fees and _____ in costs. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to the filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable and the Court notes that the Notice specifically and clearly advised the Class that Class Counsel would seek the award.

22.     The Court approves the incentive fee payment of $_____ for Class Representative Matthew Hennie and specifically finds that amount to be reasonable in light of the

6

service performed by Mr. Hennie for the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. Any incentive award will be reported as "other income" in Box 3 of the Form 1099-MISC.

23.     Neither this Final Approval Order and Judgment as to the Defendant, nor the Settlement Agreement shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims in any action or proceedings whatsoever. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by the Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or the Defendant.

The Clerk is hereby directed to enter this Final Approval Order and Judgment.

DATED: _____, 2019        _____

United States District Court

35655595v1